**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4959**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTWOYNE L. WYATT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.   Henry E. Hudson, District Judge.  (CR-03-173)

Submitted:  July 23, 2004          Decided:  September 3, 2004

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jessica M. Erickson, HUNTON & WILLIAMS, L.L.P., Richmond, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Michael J. Elston, Stephen W. Miller, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following a jury trial, Antwoyne L. Wyatt was convicted of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (2000) (Count One), possession of cocaine base, in violation of 21 U.S.C. § 844 (2000) (Count Two), possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2000) (Count Three), and possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3) (2000) (Count Four). Count Two, a lesser included offense of Count One, was merged with Count One for sentencing purposes. Wyatt received a total sentence of 217 months in prison, consisting of 157 months on Count One, a consecutive sixty months on Count Three, and a concurrent 120 months on Count Four. Wyatt timely appeals, claiming that the evidence was insufficient to support his convictions on Counts Three and Four. Finding no merit to his claims, we affirm.

A defendant challenging the sufficiency of the evidence "bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). This court "ha[s] defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a

reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)). In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998). The court reviews both direct and circumstantial evidence and permits "the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

As to Count Three, we conclude that the evidence presented at trial was sufficient to permit a reasonable fact finder to conclude that Wyatt knowingly possessed the gun and that Wyatt's possession of the gun was "in furtherance" of a drug-trafficking crime. See United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002) (discussing the factors that might lead a jury to conclude that there was a connection between a defendant's possession of a firearm and the defendant's drug-trafficking activity); id. at 706 (explaining that "[f]act finders are not required to blind themselves to the unfortunate reality that drugs and guns all too often go hand in hand. . . . Therefore, a fact

finder is certainly entitled to come to the common-sense conclusion that when someone has both drugs and a firearm on their person, the gun is present to further drug trafficking.").

As to Count Four, we conclude that the evidence was sufficient to permit a reasonable fact finder to conclude that Wyatt knowingly possessed the gun and that Wyatt was an "unlawful user" of a controlled substance within the meaning of § 922(g)(3). See United States v. Jackson, 280 F.3d 403 (4th Cir. 2002) (holding that firearm possession and drug use need not be simultaneous to support § 922(g)(3) conviction).

Accordingly, we affirm Wyatt's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED